1   Luther Bartrug
    c/o 10226 Fenholloway Drive
2   Mechanicsville, Virginia [PZ 23116]

3

4   Plaintiff
    Judiciary Act of 1789 § 35

5

**FILED**

FEB 17 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

6   # district court of the United States[1]
7   # District of Columbia

8   Luther Bartrug                          Case Nº:

9       Plaintiff,
                                            VERIFIED COMPLAINT
10                                          (Unlawful Assessment/Collection Activities)
        v.                                  (Breach of Administrative Procedure)

11  UNITED STATES OF AMERICA

12                                          (Jury Trial Demanded)
        Respondent.

13      COME NOW Luther Bartrug in his own right, <u>Faretta v. California</u>, 422 US 809,

14  reserving his right to Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES

15  CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and the

16  INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by EXECUTIVE

17  ORDER 13107 on December 10, 1998, <u>63 Federal Register 240, pp 68991-68993</u> and for his

    cause(s) of action, aver(s):

18  I.      PARTIES

19          A.      Plaintiff a Citizen of Virginia, a Republic, "State in this Union," as established in
                    ART. IV § 4 UNITED STATES CONSTITUTION, <u>Hooven & Allison v. Evatt</u>, 324 U.S.
20                  652, 672-674, domiciled at the address shown above.

21          B.      Respondent is the UNITED STATES OF AMERICA.

22  II.     JURISDICTION

23          A.      This action is brought pursuant to Internal Revenue Code section 7433[2], 102 Stat.

24  [1] As designated in Title 26, United States Code, § 7433.
    [2] Added Pub. L. 100-647, title VI, Sec. 6241(a), Nov. 10, 1988, 102 Stat. 3747

1    3747, for reckless, intentional, or negligent disregard of numerous provisions of

2    the Internal Revenue Code and regulations promulgated thereunder, as described

3    in the attached VERIFIED STATEMENT OF FACTS, and alleged below.

B.    This action is brought also pursuant to the ADMINISTRATIVE PROCEDURE ACT,

4    June 11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code §§

5    704, and 706(1), respectively,

6        1.    to compel agency action unlawfully withheld or unreasonably denied; and,

    2.    for judicial review of final agency actions for which there is no other

7              adequate remedy in a court.

8    C.    Plaintiff may forego exhausting administrative remedies that are either futile or

9    inadequate, Wallace v Lynn (1974) 165 App DC 363, 507 F2d 1186, 8 CCH EPD

¶ 9822, Ft. Sumter Tours, Inc. v Andrus (1977, DC SC) 440 F Supp 914, *affd*

10    (CA4 SC) 564 F2d 1119, 24 CCF ¶ 81817; Winterberger v General Teamsters

11    Auto Truck Drivers & Helpers (1977, CA9 Or) 558 F2d 923, 96 BNA LRRM

2092, 82 CCH LC ¶ 10085; or when agency action exceeds statutory

12    authorization. Blue Ribbon Quality Meats, Inc. v Federal Trade Com. (1976, WD

13    Mo) 434 F Supp 159, *affd* (CA8) 560 F2d 874, 1977-2 CCH Trade Cases ¶

14    61554. Georgia Dept. of Transp. v Dole (1983, ND Ga) 561 F Supp 1024;

D.    The district court of the United States has jurisdiction pursuant to

15        1.    Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747, as

16              amended;

17        2.    Section 704 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 392, for

          final agency actions for which there is no other adequate remedy in a

18              court;

19        3.    Section 705 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 393, to

20              compel agency action unlawfully withheld or unreasonably denied.

    4.    Section 706 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 393, to

21              provide for judicial review of final agency actions for which there is no

22              other adequate remedy in a court.

23

24    [2] Added Pub. L. 100-647, title VI, Sec. 6241(a), Nov. 10, 1988, 102 Stat. 3747

1    The court has power to hold unlawful and set aside agency action findings, and

2    conclusions found to be –

3    a)    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in
         accordance with law;

4    b)    (B) contrary to constitutional right, power, privilege, or immunity;

     c)    (C) in excess of statutory jurisdiction, authority, or limitations, or
5          short of statutory right;

     d)    (D) without observance of procedure required by law;
6    e)    (E) unsupported by substantial evidence in a case subject to
           sections 556 and 557 of this title [Title 5] or otherwise reviewed on
7          the record of an agency hearing provided by statute; or

     f)    (F) unwarranted by the facts to the extent that the facts are subject
8          to trial de novo by the reviewing court. In making the foregoing
           determinations, the court shall review the whole record or those
9          parts of it cited by a party, and due account shall be taken of the
           rule of prejudicial error.

10

11   E.    The Court further:

12   1.    has federal question jurisdiction pursuant to Title 28 United States Code §

13         1331 with respect to federal record-keeping matters under

14   a)    the Federal Records Act; 82 Stat. 1297, et seq.;

     b)    the National Archives Act[3], 90 Stat. 2723, , et seq.;

15   c)    the Freedom of Information Act, 80 Stat. 383, et seq.; and,

     d)    the Privacy Act of 1974, 88 Stat. 1897;
16
     2.    has jurisdiction of action in the nature of mandamus to compel
17
           performance of a duty by an officer or employee of an agency of the
18         United States, pursuant to P. L. 87-748, § 1(a), 76 Stat. 744, Title 28

           United States Code § 1361; the ADMINISTRATIVE PROCEDURE ACT, June
19
           11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code §
20         705; and,

21   3.    has jurisdiction under the ALL WRITS ACT, Title 28 United States Code §

           1651[4].
22

23   ---
     [3] Added Pub. L. 94-575, Sec. 2(a)(1), Oct. 21, 1976, 90 Stat. 2723
     [4] 28 USCS § 1651 was enacted to meet cases where there was no specific process provided by
24   statute, John Gund Brewing Co. v United States (1913, CA8 ND) 204 F 17, mod (CA8 ND) 206

F.     Venue is proper in the District of Columbia, the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

III.    ALLEGATIONS RE: DISREGARD OF INTERNAL REVENUE CODE PROVISIONS OR REGULATIONS PROMULGATED THEREUNDER:

A.    COUNT ONE:

By reckless or intentional disregard of Internal Revenue Code section 6001[5], 68A Stat. 731, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiff, by notice served or by regulation, of the imposition of a requirement keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code.

B.    COUNT TWO:

By reckless or intentional disregard of Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiff, by notice served, of the imposition of a requirement keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code.

C.    COUNT THREE:

By reckless or intentional disregard of Internal Revenue Code section 6020[6], 68A Stat. 740, subsection (a), or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of

---

F 386, and is necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess tools necessary to implement their jurisdictional grants. ITT Community Development Corp. v Barton (1978, CA5 Fla) 569 F2d 1351.

[5] Amended 1976 - Pub. L. 94-455 struck out "or his delegate" after "Secretary" wherever appearing.
[6] Amended 1976 - Pub. L. 94-455 struck out "or his delegate" after "Secretary" wherever appearing.

the Department of Treasury, failed to prepare any Substitute(s) for Return(s) as
authorized when a "...person shall fail to make a return required...".

D.    COUNT FOUR:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 53,
promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which
Internal Revenue Code section 6020 provides authority, or by reason of negligence:
defendant, through principals, officers, agents, and/or employees of Internal Revenue
Service, purported to be a component of the Department of Treasury, failed to prepare
any Substitute(s) for Return(s).

E.    COUNT FIVE:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70,
promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which
Internal Revenue Code section 6020 provides authority, or by reason of negligence:
defendant, through principals, officers, agents, and/or employees of Internal Revenue
Service, purported to be a component of the Department of Treasury, failed to prepare
any Substitute(s) for Return(s).

F.    COUNT SIX:

By reckless or intentional disregard of Federal Tax Regulations in Federal Tax
Regulation 26 CFR 301.6020-1, promulgated pursuant to Internal Revenue Code section
7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020
with respect to income tax, or by reason of negligence: defendant, through principals,
officers, agents, and/or employees of Internal Revenue Service, purported to be a
component of the Department of Treasury, failed to prepare any Substitute(s) for
Return(s).

G.    COUNT SEVEN:

By reckless or intentional disregard of Internal Revenue Code section 6020[7], 68A Stat.
740, subsection (b)(2), or by reason of negligence: defendant, through principals, officers,
agents, and/or employees of Internal Revenue Service, purported to be a component of
the Department of Treasury, failed to execute any Substitute(s) for Return(s).

H.    COUNT EIGHT:

_____
[7] Amended 1976 – Pub. L. 94-455 struck out "or his delegate" after "Secretary" wherever appearing.

1    By reckless or intentional disregard of Federal Tax Regulation 26 CFR 301.6020-1,

2    subsection (b)(2), promulgated pursuant to Internal Revenue Code section 7805, 68A

3    Stat. 917, to implement the provisions of Internal Revenue Code section 6020[8], 68A Stat.

     740, subsection (b)(2) with respect to income tax, or by reason of negligence: defendant,

4    through principals, officers, agents, and/or employees of Internal Revenue Service,

5    purported to be a component of the Department of Treasury, failed to execute any

6    Substitute(s) for Return(s).

     I.    COUNT NINE:

7    By reckless or intentional disregard of Internal Revenue Code section 6103[9], 68A Stat.

8    753, subsection (c), or by reason of negligence: defendant, through principals, officers,

9    agents, and/or employees of Internal Revenue Service, purported to be a component of

     the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s),

10   and return information to Plaintiff or Plaintiff's representative upon request.

11   J.    COUNT TEN:

12   By reckless or intentional disregard of Internal Revenue Code section 6109[10][11], 75 Stat.

     828, subsection (d) or by reason of negligence: defendant, through principals, officers,

13   agents, and/or employees of Internal Revenue Service, purported to be a component of

14   the Department of Treasury, forced Plaintiff into the use of a "social security account

15   number issued to an individual for purposes of section 205(c)(2)(A) of the Social

     Security Act" assignable by the Commissioner of Social Security only to:

16        1.    aliens 42 USC § 405(c)(2)(B)(i)(I); and,

17        2.    applicants for/recipients of federal benefits 42 USC § 405(c)(2)(B)(i)(II)

     effectively creating, in Plaintiff, a false status of "alien" and/or "applicant/recipient".

18   K.    COUNT ELEVEN:

19

20   [8] Amended 1976 - Pub. L. 94-455 struck out "or his delegate" after "Secretary" wherever appearing.
     [9] Amended 1976 - Pub. L. 94-455 among other changes, substituted provisions treating income tax returns as public
21   records and allowing inspection only under regulation approved by the President except in certain enumerated
     situations for provisions treating return information as confidential and not subject to disclosure except in limited
     situations and inserted provisions defining "return" and "return information" and provisions prohibiting tax
22   information from being furnished by the Internal Revenue Service to another agency unless the other agency
     establishes procedures for safeguarding the information it receives.
23   [10] Added Pub. L. 87-397, Sec. 1(a), Oct. 5, 1961, 75 Stat. 828
     [11] 1976 - Subsec. (a). Pub. L. 94-455, Secs. 1203(d), 1906(b)(13)(A), struck out in provisions preceding par. (1) "or
     his delegate" after "Secretary" and added par. (4).
24     Subsec. (d). Pub. L. 94-455, Sec. 1211(c), added subsec. (d).

By reckless or intentional disregard of Internal Revenue Code section 6201, 68A Stat. 767, subsection (a), paragraphs (1) and (2), or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to limit assessments to:

      1.    Taxes shown on return 26 USC § 6201(a)(1); and,

      2.    Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

L.    COUNT TWELVE:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, assessed amounts assessable only upon those engaged in activity relating to Alcohol, Tobacco Products, and Firearms.

M.    COUNT THIRTEEN:

By reckless or intentional disregard of Internal Revenue Code section 6202, 68A Stat. 768, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limitations imposed upon the Secretary's authority to establish by regulations the mode or time for the assessment of any internal revenue tax (including interest, additional amounts, additions to the tax, and assessable penalties).

N.    COUNT FOURTEEN:

By reckless or intentional disregard of Internal Revenue Code section 6203, 68A Stat. 768, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) for Plaintiff in the office of the Secretary.

O.    COUNT FIFTEEN:

By reckless or intentional disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, failed to execute, i.e., sign, summary record(s) of assessment, which include(s),

    (1)    identification of the taxpayer;

    (2)    character of liability assessed;

    (3)    taxable period, if applicable; and,

    (4)    amount of assessment

P.    COUNT SIXTEEN:

By reckless or intentional disregard of Internal Revenue Code section 6203, 68A Stat. 768, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of assessments "filed in the Office of the Secretary" upon request.

Q.    COUNT SEVENTEEN:

By reckless or intentional disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of signed summary records of assessment with supporting lists upon request.

R.    COUNT EIGHTEEN:

By reckless or intentional disregard of Internal Revenue Code section 6211, 68A Stat. 770, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to promulgate regulations to implement Internal Revenue Code section 6211, 68A Stat. 770 with respect to tax imposed in Subtitle A thereunder.

S.    COUNT NINETEEN:

By reckless or intentional disregard of Internal Revenue Code section 6301, 68A Stat. 775, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limits imposed upon the Secretary's authority to collect to

taxes; i.e., taxes imposed by the Internal Revenue Code[12]. Specifically:

1. The Commissioner of Internal Revenue failed to develop and implement procedures under which - "(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee before the action was taken"; and,

2. The Commissioner of Internal Revenue failed to develop and implement procedures under which -"(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed"; and,

3. The Commissioner of Internal Revenue failed to develop and implement a review process under subsection (a)(1) which includes a certification that the employee has -

   "(1) reviewed the taxpayer's information;

   "(2) verified that a balance is due; and

   "(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering the amount due and the value of the property or right to property."

T.  COUNT TWENTY:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 24,

---

[12] Notes under IRC section 6301 specify: "Pub. L. 105-206, title III, Sec. 3421, July 22, 1998, 112 Stat. 758, provided that:
   "(a) In General. - The Commissioner of Internal Revenue shall develop and implement procedures under which -
   "(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee before the action was taken; and
   "(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed."
   "(b) Review Process. - The review process under subsection (a)(1) may include a certification that the employee has -
   "(1) reviewed the taxpayer's information;
   "(2) verified that a balance is due; and
   "(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering the amount due and the value of the property or right to property.
   "(c) Effective Dates. -
   "(1) In general. - Except as provided in paragraph (2), this section shall take effect on the date of the enactment of this Act [July 22, 1998].
   "(2) Automated collection system actions. - In the case of any action under an automated collection system, this section shall apply to actions initiated after December 31, 2000."

promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

U.     COUNT TWENTY-ONE:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 25, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

V.     COUNT TWENTY-TWO:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 26, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

W.     COUNT TWENTY-THREE:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 270, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

X.     COUNT TWENTY-FOUR:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 41, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury,

failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

Y.    COUNT TWENTY-FIVE:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

Z.    COUNT TWENTY-SIX:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

AA.    COUNT TWENTY-SEVEN:

By reckless or intentional disregard of Internal Revenue Code section 6303, 68A Stat. 775, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to "within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof" with respect to tax imposed in Subtitle A of the Internal Revenue Code.

BB.    COUNT TWENTY-EIGHT:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

CC.    COUNT TWENTY-NINE:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

DD.    COUNT THIRTY:

By reckless or intentional disregard of Internal Revenue Code section 6304[13], 112 Stat. 768, subsection (b), paragraph (1), or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."

EE.    COUNT THIRTY-ONE:

By reckless or intentional disregard of Internal Revenue Code section 6320[14], 112 Stat. 746, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330.

FF.    COUNT THIRTY-TWO:

By reckless or intentional disregard of Internal Revenue Code section 6321, 68A Stat. 779, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand.

GG.    COUNT THIRTY-THREE

HH.    By reckless or intentional disregard of Internal Revenue Code section 6331, subsection (j), or by reason of negligence: defendant, through principals, officers, agents,

---

[13] Added Pub. L. 105-206, title III, Sec. 3466(a), July 22, 1998, 112 Stat. 768.
[14] Added Pub. L. 105-206, title III, Sec. 3401(a), July 22, 1998, 112 Stat. 746.

and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, seized property belonging to plaintiff(s) without verifying plaintiff(s) alleged tax liability, documenting that the expenses associated with the sale of the property would not exceed the property's value, without documenting that the equity in the property was sufficient to apply against plaintiff(s) alleged tax liability, and without considering alternative collection methods

II.    COUNT THIRTY-FOUR

By reckless or intentional disregard of section 6751(b)(1) of the Internal Revenue Code of 1986, *68A Stat 3, § 6751(b)*, or by reason of negligence: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination.

JJ.    COUNT THIRTY-FIVE:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6321 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

KK.    COUNT THIRTY-SIX:

By reckless or intentional disregard of Internal Revenue Code section 6322, 68A Stat. 779, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1.

LL.    COUNT THIRTY-SEVEN:

By reckless or intentional disregard of Internal Revenue Code section 6323, 68A Stat. 779, subsection (f), paragraph (1), subparagraph (A), or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to certify notice(s) of lien(s) entitling same to be recorded pursuant to A.R.S. § 33-1033.

MM.    COUNT THIRTY-EIGHT:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

NN.    COUNT THIRTY-NINE:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 301, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

OO.    COUNT FORTY:

By reckless or intentional disregard of Internal Revenue Code section 7213, 68A Stat. 855, subsection (a), or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, unlawfully disclosed return information - by filing notice(s) of lien(s) in stated amounts for which no record of assessment exists.

PP.    COUNT FORTY-ONE:

By reckless or intentional disregard of Internal Revenue Code section 7214, subsection (a)paragraph (7), 68A Stat. 855, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, made false claims resulting in the unlawful prosecution of plaintiff(s) for tax crimes.

QQ.    COUNT FORTY-TWO:

By reckless or intentional disregard of Internal Revenue Code section 7214, subsection (a)paragraph (7), 68A Stat. 855, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, made false claims resulting in the unlawful prosecution of plaintiff(s) for tax crimes.

IV.  SPECIAL MATTERS

The allegations contained in III, above, are realleged and incorporated as if fully set forth herein.  Upon information and belief, each failure of administrative procedure identified above was intended to defeat the application of one or more provisions of the Internal Revenue Code, in violation of IRC § 7214(a)(3).

V.  ALLEGATIONS RE: BREACHES OF ADMINISTRATIVE PROCEDURE:

The allegations contained in III, above, are realleged and incorporated as if fully set forth herein.  Upon information and belief, the failures of administrative procedure identified above were, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence in a case subject to sections 556 and 557 of Title 5, United States Code, or otherwise reviewed on the record of an agency hearing provided by statute, and unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

VI.  SUMMARY

A.  Pursuant to section 7433(b) of the Internal Revenue Code of 1986, *26 USC § 7433(b)*,

In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $ 1,000,000.00 or the sum of –

(1)  actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional actions of the officer or employee, and,

(2)  the costs of the action.

B.  Violations of section 7214 of the Internal Revenue Code of 1986, *68A stat 3, § 7214*, call for a violator thereof to be,

"dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both and. The court also shall render judgment against the said officer or employee for the amount of damages sustained in favor of the party injured, to be collected by execution."

WHEREFORE, Plaintiff seeks relief in the following particulars:

1.  A finding that defendant disregarded provisions of the Internal Revenue Code; and,

2.  A finding that defendant disregarded regulations promulgated under the Internal Revenue Code; and,

3.  setting an evidentiary hearing to determine damages.

### VERIFICATION

I, Luther Bartrug declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief except for those allegations made upon information and belief, and as to those, I believe them to be true.

Respectfully entered this _13_ day of February, 2006.

_____
Luther Bartrug