# United States District Court
## IN THE DISTRICT OF COLUMBIA

Luther Bartrug

        Plaintiff

Case No. 1:06cv00294 (PLF)

v.

United States

        Defendant.

RECEIVED

JUL 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**REQUEST FOR DAMAGES**

In blatant contempt of the Court's June 27, 2006 Order to Show Cause, counsel for the defendant has entered an untimely, non-responsive motion to dismiss that omits any mention of the OSC and utterly fails to comply therewith. In support of this post default motion, counsel misreads the law, misrepresents fact, mischaracterizes the case at bar, and misdirects the Court, as follows:

I.    "IMPROPER SERVICE" ARGUMENT MISREPRESENTATIVE

    A.    There is no doubt that defendant's attorneys received notice of this action, as admitted by counsel in the "Memorandum" accompanying her untimely and contemptuous motion. Counsel's parenthetical "(See attached copy of envelope)", (sic) MEMO, p.2, sufficiently establishes this fact. Further,

    B.    In stark contrast with counsel's assertion that "plaintiffs have not filed returns of service," MEMO, p.2, n. 2, the Court Docket, a copy of which was filed with Plaintiff's request for entry of default under Fed.R.Civ.P 55(a), reflects otherwise. Counsel apparently disagrees with the Court's own determination

that "An affidavit of service has been filed." <u>Order to Show Cause</u>, June 27, 2006. Counsel's misrepresentation is believed to be intended to buttress weaknesses in counsel's "improper service" argument, to wit:

C. Counsel first confuses Fed.R.Civ.P. 4(c) with the Rule under which service was effected: Fed.R.Civ.P. 4(i), "SERVING THE UNITED STATES, ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES."

D. Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i) states:

> 1. Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General...

E. While counsel appears to be arguing that service under Fed.R.Civ.P. 4(i)(1)(A) should require that someone other than the Plaintiff effect service, counsel overlooks the alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail...".

F. Counsel then proceeds to cite, among other cases, *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 as support for her misreading of Fed.R.Civ.P. 4(i)(1)(A). Counsel's citation is a clear misrepresentation and misapplication of that case[1]. *Insurance Corp. of Ireland v.*

---

[1] Counsel's second misrepresentation to the Court in the same document.

*Compagnie des Bauxites de Guinee* involved a district court's decision over matters governed by Fed.R.Civ.P. 37, as shown in the syllabus:

"Federal Rule of Civil Procedure 37(b)(2)(A) provides that a district court, as a sanction for failure to comply with discovery orders, may enter

> [a]n order that the matters regarding which the [discovery] order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order."

G.    The case at bar is involves the defendants's default, rather than failure to comply with discovery orders, and Fed.R.Civ.P. 37(b)(2)(A) is inapplicable, notwithstanding counsel's clear desire to avoid the adjudicatory fact of default by whatever means necessary, including misrepresentation.

II.    "DECLARATORY JUDGMENTS ACT" ARGUMENT LEGALLY ABSURD

A.    Counsel follows the unsupported "service" grounds with a "lack of jurisdiction" argument citing the Declaratory Judgments Act. Notwithstanding Congess' express grant of jurisdiction in Internal Revenue Code section 7433, counsel egregiously asserts:

"This Court is barred from granting such relief under 28 U.S.C. § 2201."

B.    Counsel's clever misreading of the Declaratory Judgments Act would effectively nullify 1) Congress' enactment of each version of the Taxpayer Bill of Rights; 2) any judicial review provisions of the IRS Restructuring and Reform Act of 1998; and 3) quite possibly, any judicial review provision of any Act. The legal absurdity of counsel's position is exceeded only by counsel's hubris in responding to

the Court's Order to Show Cause with an untimely, non-responsive motion to dismiss. Further,

C.  Counsel willfully mischaracterizes the case at bar as a declaratory relief action, and misrepresents the applicability of the DJA to the case at bar with full knowledge that her succeeding ground, discussed in more detail below, has already been found by the District Court for the District of Columbia to be without merit. Counsel's presentation of matters outside the pleadings changes the nature of her motion as a matter of Court Rule, and the effect thereof is also discussed in more detail below.

III.  AGENCY BIAS GROUNDS FOR WAIVER OF "EXHAUSTION" REQUIREMENT

A.  Counsel's untimely motion then proceeds to assert "lack of subject matter jurisdiction" on the basis of an asserted "failure to exhaust administrative remedies". Counsel knows full well that the Court has, in numerous cases, found that exhaustion of administrative remedies is a nonjurisdictional issue. See: <u>Turner v. United States</u>, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006), and cases decided in conformity therewith. Counsel knows that these rulings are based upon recent Supreme Court jurisprudence. See: <u>Arbaugh v. Y & H Corp.</u>, 126 S.Ct. 1235, 1242 (2006), cited in <u>Turner</u>, above.

B.  While the Court has found that a perceived "failure to exhaust administrative remedies" constituted a failure to state a claim, defendant waived the opportunity to raise this issue by default. See: <u>Arbaugh</u>, at 1244. Further, the Supreme Court, <u>McCarthy v. Madigan</u>, 503 U.S. 140, and the Court of Appeals for the District of

Columbia, <u>Etelson v. Office of Pers. Mgmt.</u>, 684 F.2d 918, 925 (D.C. Cir. 1982), as cited by the District Court, have found that agency bias, or unwillingness to reconsider a position, may preclude a nonjurisdictional exhaustion requirement. Recently, the Court of Appeals for the District has limited imposition of the exhaustion requirement to "jurisdictional exhaustion". See: <u>Spinelli v. Goss</u>, ___ F. 3d. _____, D.C. Circuit No. 05-5270 (DC No. 00cv00408), (May 5, 2006).

C. Counsel has conceded the intentional disregards committed by defendant's agency in her untimely, non-responsive motion to dismiss, as discussed immediately below.

IV. **DEFENSE MOTION CONCEDES AGENCY BIAS BY CONCEDING INTENTIONAL DISREGARD OF LAW AND REGULATION**

A. Plaintiffs alleged in paragraph III of their Verified Complaint that defendant's agents/agency committed 42 acts of disregard of provisions of the Internal Revenue Code and/or regulations promulgated thereunder.

B. Plaintiffs re-alleged all 42 of those acts of disregard in paragraph IV of their Verified Complaint as being intended to defeat the application of the cited provisions/regulations.

C. Plaintiffs again re-alleged all 42 of those acts of disregard in paragraph V of their Verified Complaint, each of those acts of disregard being arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure

required by law; unsupported by substantial evidence in a case subject to sections 556 and 557 of Title 5, United States Code, or otherwise reviewed on the record of an agency hearing provided by statute, and unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

D.   Defendant's untimely motion to dismiss, non-responsive to the Court's Order to Show Cause, fails to deny or otherwise challenge these allegations of breach of administrative procedure, Verified Complaint, paragraph V, and the intentional nature of such admitted breaches, Verified Complaint, paragraph IV.

V.   DEFENDANT'S UNTIMELY MOTION IS CONSTRUED AS MOTION FOR SUMMARY JUDGMENT

A.   Plaintiff asserts that because the motion to dismiss in the instant case raises issues outside the Verified Complaint (the Declaratory Judgment Act), said motion must be treated, and decided, as a motion for summary judgment. Fed.R.Civ.P. 12(b) states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

B.   However, as held in NEAL V. KELLY, 963 F.2d 453 (D.C. Cir. 1992), headnote 1, and at 456:

> "Filing need not be labeled as motion to dismiss under Rule 12(b)(6) in order for filing to be treated as Rule 12(b)(6) motion converted into Rule 56 motion for summary judgment. Fed.Rules Civ.Proc.Rules 12(b)(6), 56, 28 U.S.C.A."

C. Defendant's untimely motion, non-responsive to the Court's Order to Show Cause, necessarily admitting all material allegations in the Verified Complaint, and positively conceding all allegations, should contain, under Rule 56(e) of the Federal Rules of Civil Procedure,

> "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

D. As interpreted by the courts, the Rule 56 requires that

> "any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."

Neal v. Kelly, 963 F.2d 453, at 456 (D.C. Cir. 1993) (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)). Yet counsel chose to "rest upon the mere allegations or denials" of Plaintiffs' Verified Complaint, and has omitted any such "[s]upporting and opposing affidavits", or "Sworn or certified copies".

E. The Neal Court also found that:

> "Verified complaint ought to be treated as functional equivalent of affidavit, for purposes of opposing summary judgment motion. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A."

VI. MOTION FAILS TO SHOW CAUSE

A.  Defendant has admitted all allegations made in paragraph III of our Verified Complaint.

B.  Defendant has conceded that all allegations made in paragraph III of our Verified Complaint were breaches of administrative procedure; were intentional; arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence in a case subject to sections 556 and 557 of Title 5, United States Code, or otherwise reviewed on the record of an agency hearing provided by statute, and unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

C.  Defendant has failed to comply with the Court's Order to Show Cause why default judgment should not be granted.

WHEREFORE, Plaintiffs seek the scheduling of an evidentiary hearing on damages as sought in the Verified Complaint, or, in the alternative, an ORDER:

    A.  directing defendants to pay damages, in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard; and,

B. directing replevin of any and all property taken from Plaintiff(s) without complete due process of tax law, or compensation at current fair market value; and,

C. directing such other and further damages as the court deems just and proper; and,

D. enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation.

Dated: _____7-28_____, 2006

_____
Luther Bartrug