IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LUTHER BARTRUG ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:06-cv-294 (PLF) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR DAMAGES**

The United States opposes plaintiff's motion for damages, which the United States submits the Court should treat as plaintiff's opposition to the United States' motion to dismiss.1/  The United States otherwise relies on its motion to dismiss.

STATEMENT

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code.  Plaintiff seeks damages for alleged wrongful collection, and injunctive relief respecting further federal tax collection against him.  The United States moved to dismiss asserting that the Court lacks personal and subject matter jurisdiction as plaintiff failed properly serve the United States and failed to establish that he exhausted his administrative remedies as required by 26 U.S.C. § 7433.  This motion was served on plaintiff on April 24, 2006, but

---

    1/  If plaintiff's motion is treated as an opposition to the United States' motion to dismiss, then the instant pleading should be treated as a reply to plaintiff's opposition.

1867055.1

inadvertently not filed with the Court. Plaintiff then filed a request to enter default, which the Clerk entered on June 23, 2006. On June 23, 2006, the Court entered an order for the United States to show cause by July 27, 2006 why a default judgment should not be entered. Accordingly, the United States filed its motion to dismiss on July 17, 2006.2/

Plaintiff fails to acknowledge that the United States served its motion to dismiss upon him in April. Instead of responding to the motion, he has filed a motion for damages, in which he presents two main arguments in opposition to the United States' motion to dismiss: (1) parties may effect service under Fed. R. Civ. P. 4(i)(1)(A), and (2) he need not exhaust his administrative remedies because the Internal Revenue Service has articulated a very clear position which it is unwilling to reconsider.3/

---

2/ The United States' motion to dismiss asserts that plaintiff failed to properly serve the United States and failed to exhaust his administrative remedies, thus depriving this court of personal and subject-matter jurisdiction. These assertions clearly establish that a default judgment should not be entered against the United States. Under Fed.R.Civ.P. 55(e), "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed.R.Civ.P. 55(e); *O-J-R v. Ashcroft*, 216 F.R.D. 150, 152 (D.D.C. 2003).

3/ Plaintiff's argument that the United States incorrectly stated he had not filed a return of service ignores the fact that his returns of service were not filed until May 5, 2006, while the motion to dismiss was served upon him on April 24, 2006. In addition, plaintiff's other argument, that the tax exception to the Declaratory Judgment Act does not apply to him is meritless; and the tax exception was fully discussed in the United States' motion to dismiss.

### PARTIES MAY NOT THEMSELVES SERVE INITIAL PROCESS

Plaintiff, in an unavailing effort to rehabilitate his failure to properly serve the complaint, asserts that parties may serve initial process pursuant to Fed. R. Civ. P. 4(i)(1)(A). (Pl. mot. at 1-2.) Parties may <u>not</u>, however, serve initial process under Fed. R. Civ. P. 4(c)(2). This is true even when service is effected by certified or registered mail as described in Fed. R. Civ. P. 4(i). *See e.g., Davis v. Garcia*, 226 F.R.D. 386, 388 (C.D. Cal. 2004); *Taylor v. Internal Revenue Service*, 192 F.R.D. 223, 224 (S.D. Tex. 1999); *Willis v. Tarasen*, 2005 WL 1705839, *2 (D. Minn. 2005); *Hanberg v. FBI*, 2003 WL 21730604, *1 (E.D. La. 2003); *Perkel v. United States*, 2001 WL 58964, * 1(N.D. Cal. 2001).

In this case, plaintiff filed returns of service (PACER #2 & 3), which indicate that he, himself, served the United States. Since a party cannot effectuate service, service was improper. Thus, plaintiff's complaint should be dismissed for failure to effect proper service.

### PLAINTIFF IS REQUIRED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

Plaintiff filed his claim for damages under 26 U.S.C. § 7433 without exhausting his administrative remedies as required by the regulations promulgated with respect to section 7433. <u>See</u> 26 C.F.R. § 301.7433-1. He now asserts, citing *McCarthy v. Madigan*, 503 U.S. 140 and *Etelson v. Office of Pers. Mgmt.*, 684 F.2d 918, 925 (D.C.. Cir. 1982), that he falls within an "exception" to the requirement to exhaust administrative remedies. (Pl. mot. at 4-5.) He asserts that the Internal Revenue Service has articulated a clear position it is "unwilling to reconsider." (*Ibid.*) Plaintiff fails to assert that he attempted

to comply with the regulation by submitting a valid administrative claim, thus the Internal Revenue Service has not articulated a clear position that it will not consider any administrative claim for damages.4/

## CONCLUSION

The Court should not grant plaintiff's motion for damages. Instead, the pleading should be treated as an opposition to the United States' motion to dismiss. Then, the Court should dismiss plaintiff's complaint because he failed to properly serve the United States and failed to exhaust his administrative remedies.

DATE: August 16, 2006.

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

---

4/ Plaintiff argues, citing *Turner v. United States*, 2006 WL1071852, that his failure to exhaust administrative remedies is not jurisdictional. (The *Turner* court did dismiss *Turner*, but on the grounds that plaintiff had failed to state a claim upon which relief can be granted.) *Turner*, however, is not binding on this Court; and the case upon which it relies, *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), is not a case where the sovereign, i.e., the United States, is a party. The United States has asserted in this case, and in the approximately 90 other similar cases filed in this Court, that a plaintiff's failure to exhaust administrative remedies deprives the district court of subject-matter jurisdiction. Nevertheless, if this Court disagrees that the failure to exhaust administrative remedies is jurisdictional, the Court should dismiss for failure to state a claim, as did the *Turner* court.

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' OPPOSITION TO PLAINTIFF'S MOTION FOR DAMAGES was served upon plaintiff *pro se* on August 16, 2006 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>LUTHER BARTRUG
>Plaintiff *Pro Se*
>10226 Fenholloway Drive
>Mechanicsville, VA 23116

        /s/ Pat S. Genis
        PAT S. GENIS, #446244