# United States District Court
IN THE DISTRICT OF COLUMBIA

Luther Bartrug,

              Plaintiff(s),

Case No. 1:06cv00294 (PLF)

v.

United States

              Defendant.

RECEIVED
OCT 10 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RESPONSE TO ORDER TO SHOW CAUSE/MOTION TO DISMISS

Defendant admits, in the "Opposition to Motion (sic) for Damages" (hereinafter, "Opposition"), p.2, that the untimely motion to dismiss was "not filed with the Court." Defendant's party admission of untimely *filing* of the motion is of profound importance.

In a recent Memorandum Opinion, *Martin v. United States*, DDC 05-2506, September 22, 2006, the Honorable Rosemary M. Collyer discussed at length "the split of authority in this District regarding whether the exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit."

Relying upon *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245 (Feb. 22, 2006); and *Turner v. United States*, 429 F. Supp. 2d 149, 154 (D.D.C. 2006), the Court made clear that "failure to exhaust administrative remedies is not a jurisdictional prerequisite to bringing suit".

Defendant's motion thus fails on 12(b)(1) grounds.

While *Martin* was, in fact, dismissed under Fed.R.Civ.P 12(b)(6), the *Martin* Court pointed out that:

The Supreme Court noted in Arbaugh that the principles behind Rule 12(b)(1) and Rule 12(b)(6) are very different and the consequences are similarly different. 126 S. Ct. at 1244-45...Whether a plaintiff has stated a claim upon which relief can be granted involves the legal basis of the claim or the relief sought, not the power of the court to hear it. *A motion under Rule 12(b)(6) can be waived by failing to make it soon enough.* Id. at 1240. (Emphasis added)

The record in the instant case shows 1) that default was declared by the Clerk of Court on June 23, 2006; 2) that the Court, in reviewing the Clerk's entry of default, issued an Order to Show Cause on June 27, 2006 for the defendant, "not an infant or incompetent person", to show cause by July 26, 2006 "why the Court should not enter a default judgment in favor of the plaintiff"; and 3) that defendant's motion, which fails on jurisdictional grounds, was filed 77 days after default.

Under *Arbaugh*, 126 S. Ct. at 1240, defendant's motion fails on 12(b)(6) grounds for "fail[ure] to make it soon enough." *Martin, p.5.*

As to the balance of defendant's untimely motion, Plaintiff herein re-asserts his Request for Damages as a Response to defendant's untimely motion:

In blatant contempt of the Court's June 27, 2006 Order to Show Cause, counsel for the defendant has entered an untimely, non-responsive motion to dismiss that omits any mention of the OSC and utterly fails to comply therewith. In support of this post default motion, counsel misreads the law, misrepresents fact, mischaracterizes the case at bar, and misdirects the Court, as follows:

"IMPROPER SERVICE" ARGUMENT MISREPRESENTATIVE; FAILS

There is no doubt that defendant's attorneys received notice of this action, as admitted by counsel in the "Memorandum" accompanying her untimely and

contemptuous motion. Counsel's parenthetical "(See attached copy of envelope)", (sic) MEMO, p.2, sufficiently establishes this fact. Further,

In stark contrast with counsel's assertion that "plaintiffs have not filed returns of service," MEMO, p.2, n. 2, the Court Docket, a copy of which was filed with Plaintiff's request for entry of default under Fed.R.Civ.P 55(a), reflects otherwise. Counsel apparently disagrees with the Court's own determination that "An affidavit of service has been filed." Order to Show Cause, June 27, 2006. Counsel's misrepresentation is believed to be intended to buttress weaknesses in counsel's "improper service" argument, to wit:

Counsel first confuses Fed.R.Civ.P. 4(c) with the Rule under which service was effected: Fed.R.Civ.P. 4(i), "SERVING THE UNITED STATES, ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES."

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i) states:

> 1. Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General…

While counsel appears to be arguing that service under Fed.R.Civ.P. 4(i)(1)(A) should require that someone other than the Plaintiff to effect service, counsel overlooks the alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail…".

Counsel then proceeds to cite, among other cases, *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 as support for her misreading of Fed.R.Civ.P. 4(i)(1)(A). This is a clear misrepresentation of that case[1]. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee* involved a district court's decision over matters governed by Fed.R.Civ.P. 37, as shown in the syllabus:

"Federal Rule of Civil Procedure 37(b)(2)(A) provides that a district court, as a sanction for failure to comply with discovery orders, may enter

> [a]n order that the matters regarding which the [discovery] order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order."

The case at bar is involves the defendants's default, rather than failure to comply with discovery orders, and Fed.R.Civ.P. 37(b)(2)(A) is inapplicable, notwithstanding counsel clear desire to avoid the adjudicatory fact of default by whatever means necessary, including misrepresentation.

Plaintiff followed the provisions of Fed.R.Civ.P. 4(i)(1) <u>to the letter</u>, and asserts that service was proper. Plaintiff's understanding is supported by the language of Fed.R.Civ.P. 4(i)(3), which states:

> (3) The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:
>
> > (A) all persons required to be served in an action governed by Rule 4(i)(2)(A), *if the plaintiff has served* either the United States attorney or the Attorney General of the United States, or

---

[1] Counsel's second misrepresentation to the Court in the same document.

(B) the United States in an action governed by Rule 4(i)(2)(B), *if the plaintiff has served* an officer or employee of the United States sued in an individual capacity. (Emphases added)

Congress approved the language of Fed.R.Civ.P 4(i)(1), as much as it did Fed.R.Civ.P 4(c); the Court should give weight to Congress' language, particularly when defendant has been unable to cite any Circuit opinion to the contrary.[2]

Lastly (on this ground), the untimely motion's assertion that Plaintiff failed to serve IRS is unavailing. Plaintiff is not suing IRS; Plaintiff is suing the United States, in accordance with IRC § 7433.

"DECLARATORY JUDGMENTS ACT" ARGUMENT LEGALLY ABSURD

Counsel follows the unsupported "service" grounds with a "lack of jurisdiction" argument citing the Declaratory Judgments Act. Notwithstanding Congess' express grant of jurisdiction in Internal Revenue Code section 7433, counsel egregiously asserts:

"This Court is barred from granting such relief under 28 U.S.C. § 2201."

Counsel's clever misreading of the Declaratory Judgments Act would effectively nullify 1) Congress' enactment of each version of the Taxpayer Bill of Rights; 2) any judicial review provisions of the IRS Restructuring and Reform Act of 1998; and, quite possibly, any judicial review provision of any Act. The legal absurdity of counsel's position is exceeded only by counsel's hubris in refusing to comply with this Court's

---

[2] *Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987), merely recites that "courts routinely dismiss actions when service is improper", but does not support defendant's arguments on this ground.

lawful Order to Show Cause; instead submitting an untimely, non-responsive motion to dismiss. Further,

Counsel willfully mischaracterizes the case at bar as a declaratory relief action, and misrepresents the applicability of the DJA to the case at bar with full knowledge that her succeeding ground, discussed in more detail below, has already been found by the District Court for the District of Columbia to be without merit. Counsel's presentation of matters outside the pleadings changes the nature of her motion as a matter of Court Rule, and the effect thereof is also discussed in more detail below.

AGENCY BIAS GROUNDS FOR WAIVER OF "EXHAUSTION" REQUIREMENT

In finding that a perceived "failure to exhaust administrative remedies" constituted a failure to state a claim, defendant waived the opportunity to raise this issue by default. See: Arbaugh, at 1244; Martin, p5. Further, the Supreme Court, McCarthy v. Madigan, 503 U.S. 140, and the Court of Appeals for the District of Columbia, Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C. Cir. 1982), as cited by the District Court, have found that agency bias, or unwillingness to reconsider a position, may override a nonjurisdictional exhaustion requirement. Recently, the Court of Appeals for the District has limited imposition of the exhaustion requirement to "jurisdictional exhaustion". See: Spinelli v. Goss, ___ F. 3d. _____, D.C. Circuit No. 05-5270 (DC No. 00cv00408), (May 5, 2006).

Counsel has conceded the defendant's agency's intentional disregards in her untimely, non-reponsive motion to dismiss, as discussed immediately below.

DEFENSE MOTION CONCEDES BIAS BY CONCEDING INTENTIONAL DISREGARD OF LAW AND REGULATION

At the outset, it is important to note that

"For the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted. See, e.g., Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 174-175 (1965). And the complaint is to be liberally construed in favor of plaintiff. See Fed.Rule Civ.Proc. 8(f); Conley v. [395 U.S. 422] Gibson, 355 U.S. 41 (1957)."

Jenkins v. McKeithen, 395 U.S. 411, at 421-22.

Plaintiffs alleged in paragraph III of their Verified Complaint that defendant's agents/agency committed 42 acts of disregard of provisions of the Internal Revenue Code and/or regulations promulgated thereunder.

Plaintiffs alleged in paragraph IV of their Verified Complaint that all 42 of those acts of disregard were intentional, to avoid application of the cited provisions/regulations.

Plaintiffs alleged in paragraph V of their Verified Complaint that each of those acts of disregard was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence in a case subject to sections 556 and 557 of Title 5, United States Code, or otherwise reviewed on the record of an agency hearing provided by statute, and unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

Defendant's untimely motion to dismiss, non-responsive to the Court's Order to Show Cause, fails to deny or otherwise challenge these disregards, Verified Complaint,

paragraph III, allegations of intentional breach of administrative procedure, Verified Complaint, paragraph IV, and that said breaches were arbitrary, capricious, etc., Verified Complaint, paragraph V.

DEFENDANT'S UNTIMELY MOTION IS CONSTRUED AS MOTION FOR SUMMARY JUDGMENT

Plaintiff asserts that because the motion to dismiss in the instant case raises issues outside the Verified Complaint (the Declaratory Judgment Act), said motion must be treated, and decided, as a motion for summary judgment.

Fed.R.Civ.P. 12(b) states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

However, as held in NEAL V. KELLY, 963 F.2d 453 (D.C. Cir. 1992), headnote 1, and at 456:

> "Filing need not be labeled as motion to dismiss under Rule 12(b)(6) in order for filing to be treated as Rule 12(b)(6) motion converted into Rule 56 motion for summary judgment. Fed.Rules Civ.Proc.Rules 12(b)(6), 56, 28 U.S.C.A."

Defendant's untimely motion, a blatant disregard for this Court's Order to Show Cause, necessarily admitting all material allegations in the Verified Complaint, and

positively conceding all allegations, should contain, under Rule 56(e) of the Federal Rules of Civil Procedure,

> "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

As interpreted by the courts, the Rule requires that

> "any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."

Neal v. Kelly, 963 F.2d 453, at 456 (D.C. Cir. 1993) (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).

The Neal Court also found that:

> "Verified complaint ought to be treated as functional equivalent of affidavit, for purposes of opposing summary judgment motion. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A."

MOTION FAILS TO SHOW CAUSE

Defendant has admitted all allegations made in paragraph III of my Verified Complaint.

Defendant has conceded that all allegations made in paragraph III of my Verified Complaint were breaches of administrative procedure; were arbitrary, capricious, abuses of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence in a case subject to sections 556 and 557 of Title 5, United States Code, or otherwise reviewed on the record of an agency hearing provided by statute, and unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

Defendant has failed to comply with the Court's Order to Show Cause why default judgment should not be granted.

WHEREFORE, Plaintiffs seek denial of the untimely motion to dismiss, in its entirety; and the scheduling of an evidentiary hearing on damages as sought in the Verified Complaint, or, in the alternative, an ORDER:

    A.    directing defendants to pay damages, in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section

       7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard; and,

B.    directing replevin of any and all property taken from Plaintiff(s) without complete due process of tax law, or compensation at current fair market value; and,

C.    directing such other and further damages as the court deems just and proper; and,

D.    enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation.

Dated: October 6, 2006

_____
Luther Bartrug