UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| LUTHER BARTRUG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0294 (PLF) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION

This complaint is one of dozens of complaints brought in this Court by *pro se* plaintiffs against the United States under the Taxpayers Bill of Rights ("TBOR"), 26 U.S.C. § 7433.[1] Plaintiff Luther Bartrug filed this action against the United States on February 17, 2006,

---

[1] 26 U.S.C. § 7433 provides, in relevant part:

(a) If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

(b) In any action brought under subsection (a) or petition filed under subsection (e), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of--

    (1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and

seeking damages and declaratory relief.  See Complaint at 15-16.  The government has filed a motion to dismiss asserting that "plaintiff failed to properly served the United States and that the Court lacks subject matter jurisdiction over the complaint."  Motion at 1.  Plaintiff has filed a motion for damages.

## I. STANDARDS OF REVIEW

### *A. Motions to Dismiss Under Rule 12(b)(5)*

The Court may dismiss a complaint without prejudice for ineffective service of process.  See FED. R. CIV. P. 12(b)(5); Simpkins v. District of Columbia, 108 F.3d 366, 369 (D.C. Cir. 1997).  "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations and citations omitted).

### *B. Motions to Dismiss under Rule 12(b)(1)*

Federal courts are courts of limited jurisdiction, with the ability only to hear cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress.  See, e.g., Hunter v. District of Columbia, 384 F.Supp.2d 257, 259 (D.D.C. 2005); Srour v. Barnes, 670 F. Supp. 18, 20 (D.D.C. 1987) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)).  The plaintiff bears the burden of establishing that the Court has jurisdiction. See Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004).  In considering whether to dismiss a complaint for lack of subject matter jurisdiction

---

(2) the costs of the action.

under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court must accept all of the factual allegations in the complaint as true, but may in appropriate cases consider certain materials outside the pleadings.  See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005).  "[W]here necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Herbert v. National Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).  While the complaint is to be construed liberally, the Court need not accept factual inferences drawn by plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  See Primax Recoveries, Inc. v. Lee, 260 F. Supp.2d 43, 47 (D.D.C. 2003).

*C. Motions to Dismiss under Rule 12(b)(6)*

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes the truth of the material facts as alleged in the complaint, see Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991), and the "complaint should not be dismissed unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief."  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged."  Kowal v. MCI Communications Corp., 16 F.3d at 1276; see also Browning v. Clinton, 292 F.3d at 242; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000); Harris

v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997).  While the complaint is to be construed liberally in plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions.  See Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v. Clinton, 292 F.3d at 242.

## II. DISCUSSION

### A. Insufficiency of Service of Process

The defendant argues that this suit should be dismissed because plaintiff himself served defendant, the United States, by certified mail.  See Memorandum in Support of United States' Motion to Dismiss ("Mem.") at 3-4.  Rule 4(c)(2) of the Federal Rules of Civil Procedure provides in relevant part that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age."  It is undisputed that plaintiff mailed the complaint.  See Plaintiff's Motion for Damages at 2.  Therefore, service was insufficient and this action could be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  See Lindsey v. United States, Civil Action No. 05-1761, 2006 WL 2413720 at *6 (D.D.C. Aug. 22, 2006).  The Court declines, however, to dismiss the case on these grounds.  See id. at *6-7.  *Pro se* litigants "are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings."  Moore v. Agency for Int'l Development, 994 F.2d 874, 876 (D.C. Cir. 1993).

*B. Failure to Exhaust Administrative Remedies*

The defendant's motion to dismiss argues that the Court lacks subject matter jurisdiction over plaintiff's claim for damages because plaintiff failed to exhaust administrative remedies prior to filing suit.  See Mem. at 6-8.  For the reasons more thoroughly explained by Judge Walton in Lindsey v. United States, 2006 WL 2413720 at *11-13, the Court concludes that in an action for *damages* under 26 U.S.C. § 7433, failure to exhaust administrative remedies is properly raised through a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, not for lack of subject matter jurisdiction under Rule 12(b)(1). See also Turner v. United States, 429 F.Supp.2d 149 (D.D.C. 2006) (citing Arbaugh v. Y & H Corp., 126 S.Ct. 1235 (2006)) (Bates, J.); Masterson v. United States, Civil Action No. 05-1807, 2006 WL 1102802 at *2 (D.D.C. April 26, 2006) (Bates, J.).

In his Complaint, plaintiff admits that he did not file a claim with the IRS. Rather, plaintiff asserts that any attempt to utilize administrative remedies would be futile.  See Complaint at 2.  Since plaintiff's failure to exhaust is uncontested and is clearly required by the statute, his claim for damages will be dismissed for failure to state a claim upon which relief may be granted.  See Lindsey v. United States, 2006 WL 2413720 at *18-19; Turner v. United States, 429 F.Supp.2d at 153-54.

*C. Declaratory Relief*

The Court concludes that it is without subject matter jurisdiction to grant declaratory relief in this case.  The power to grant declaratory relief in the federal courts is governed by the Declaratory Judgment Act.  That statute provides, in relevant part:

> In a case of actual controversy within its jurisdiction, <u>except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986</u> . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201 (emphasis provided). In view of this express statutory language, this Court has no jurisdiction to grant the declaratory relief requested by plaintiff. <u>See</u> <u>Lindsey v. United States</u>, 2006 WL 2413720 at *8. The Court therefore dismisses the claims for declaratory relief under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. <u>See</u> <u>id</u>. at *9.

      For these reasons, the Court dismisses plaintiff's claims for damages for failure to state a claim upon which relief can be granted and dismisses plaintiff's claims for declaratory relief for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion will issue this same day.

      SO ORDERED.

          ___/s/_____
          PAUL L. FRIEDMAN
          United States District Judge

DATE: November 17, 2006